John G. Warner, Esquire, Corte Madera, CA, for Appellee.

Before: BRUNETTI, ARCHER,* and CLIFTON, Circuit Judges.

MEMORANDUM **

William B. Rooz ("Rooz") appeals the judgment of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's dismissal of Rooz's complaint following the grant of Roberta Kimmel's Rule 12(c) motion for judgment on the pleadings. We have jurisdiction pursuant to 28 U.S.C. § 158, and we affirm.

---

* The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Bankruptcy Panel, affirming the bankruptcy court, ruled that Rooz's claim under California's Uniform Fraudulent Transfer Act was barred by the discharge injunction of 11 U.S.C. § 524(a)(3). We affirm for the reasons stated in the BAP's opinion filed November 8, 2007.

**AFFIRMED.**

## YONG FONG LO, a/k/a Marchelyna Eva Susanti; Ngi Sin Tjong, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–71080.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Eugene C. Wong, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James E. Grimes, Esq. Fax, Jennifer Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Yong Fong Lo and her husband, both natives of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration

---

** This disposition is not appropriate for publication and is not precedent Pexcept as provided by 9th Cir. R. 36–3.

judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

■ Substantial evidence supports the IJ's conclusion that Lo did not suffer past persecution on account of her Chinese ethnicity, because the mistreatment she suffered in Indonesia did not rise to the level of persecution. *See Singh v. INS,* 134 F.3d 962, 967–69 (9th Cir.1998). Substantial evidence also supports the IJ's conclusion that Lo failed to demonstrate a well founded fear of future persecution because, even as a member of a disfavored group in Indonesia, she has not demonstrated the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Accordingly, Lo's asylum claim fails. We reject Lo's contentions that the agency failed to consider her claims that she faces persecution on account of gender, religion, social group and imputed political opinion, and that the IJ applied the wrong standard to assess well-founded fear, because they are not supported by the record. And, because Lo has not established eligibility for asylum, her contention that she is entitled to asylum as a matter of discretion fails. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004) (stating that asylum is a two-step process that requires the applicant first to establish his eligibility for asylum, and then to show entitlement to asylum as a matter of discretion).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

■ Because Lo did not establish eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Finally, substantial evidence supports the IJ's determination that Lo is not entitled to CAT relief because the record does not compel the conclusion that it is more likely than not that she will be tortured if she returned to Indonesia. *See* 8 C.F.R. § 1208.17; *see also Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**